In the Matter of FRED R. MANFREDI, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, April 9, 1943.

*Einar Chrystie* for petitioner.

*Menahem Stim* of counsel (*Blake, Stim & Curran,* attorneys), for respondent.

*Per Curiam.* The respondent on October 14, 1941, was assigned by Judge WALLACE of the Court of General Sessions of the county of New York to defend one James Dorta, charged with grand larceny. The defendant's mother thereafter called upon him and inquired what could be done for her son. He suggested that a plea of petit larceny might be accepted. He then stated that when the defendant was before the court for

sentence it might be helpful if he had some good reports upon his past life — letters of reference — and told her it would cost thirty-five dollars to hire a private investigator to endeavor to obtain same. Upon these representations he obtained from her the sum of thirty-five dollars to be used for that purpose. He did not hire an investigator, but converted the money to his own use.

Thereafter the respondent caused the defendant's mother to sign an affidavit wherein she stated she wished to pay him the sum of thirty-five dollars, and requested the court to authorize him to accept that sum as counsel fee for services rendered and to be rendered by him in behalf of the aforesaid defendant. The respondent then filed said affidavit, together with an affidavit by himself containing similar statements, in support of an application to Judge Wallace for leave to accept payment of a fee of thirty-five dollars from the defendant's mother. The application was granted.

Thereafter the facts were brought to the attention of Judge WALLACE, and he summoned the respondent before him to explain his conduct. The latter thereupon returned the thirty-five dollars to the defendant's mother, appeared before Judge WALLACE and admitted the facts.

The respondent now pleads in mitigation that his acts were not willful but were caused solely by carelessness and lack of experience.

The respondent should be censured.

MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and DORE, JJ., concur.

Respondent censured.